IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 19-108-BLG-SPW |
|---|---|
| Plaintiff, | |
| | ORDER |
| vs. | |
| JAMES ARMSTRONG HIGGINS and GREGG ALLEN JOHNSON, | |
| Defendants. | |

FILED APR 0 2 2020 Clerk, U S District Court District Of Montana Billings

Before the Court is the Defendants' motion to dismiss the indictment. (Doc. 39).

On August 26, 2019, the Defendants were charged with Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846 and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. 924(c). (Doc. 1).

The Defendants argue the indictment fails to allege an offense because they never possessed methamphetamine and were instead ripped off by a dealer who sold them rock salt. The Court disagrees the indictment is insufficient.

"In determining whether an indictment charges a cognizable offense, [courts] are bound by the four corners of the indictment, must accept the truth of

1

the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017). An indictment is sufficient so long as it tracks the statutory language and unambiguously sets forth the elements of the offenses charged. *United States v. Milovanic*, 678 F.3d 713, 727 (9th Cir. 2012). The government is not required to allege in the indictment the facts necessary to prove the elements of the crimes. *United States v. Bellamy*, 521 Fed.Appx. 590, 592 (9th Cir. 2013).

In *Mancuso*, the defendant was charged with possession of cocaine with intent to distribute. *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013). The defendant argued his indictment was insufficient because it failed to allege adequate facts showing the violation was committed. The Ninth Circuit rejected the argument because the indictment tracked the statutory language. *Mancuso*, 718 F.3d at 790.

Similar reasoning applies here. At this stage, the question is whether the indictment sufficiently alleges an offense by unambiguously including all the elements of the offenses charged. The indictment tracks the statutory language of both 21 U.S.C. § 846 and 18 U.S.C. § 924(c), which is all that is required.

The Defendants also argue the indictment fails to allege a conspiracy because there can be no conspiracy to possess methamphetamine when one of the

parties knows the substance is not methamphetamine. The Defendants are referring to the person who allegedly ripped them off. Again, however, the Court cannot look beyond the four corners of the indictment. The indictment clearly alleges "James Armstrong Higgins and Gregg Allen Johnson, knowingly and unlawfully conspired and agreed with each other and other persons, known and unknown to the Grand Jury, to possess with the intent to distribute . . . ." (Doc. 1 at 2). The indictment therefore does allege an agreement and conspiracy between at least two people, the Defendants themselves—and additionally other unnamed people.

The Defendants request as an alternative to dismissing the indictment that the Court review the grand jury proceedings. The Court declines the request because the Defendants have not provided cause to do so. Had the Defendants been charged with possession of methamphetamine as opposed to conspiracy to possess, the Court may have been more favorably inclined. But the crime of conspiracy to possess methamphetamine does not require actual possession or even an overt act in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 15 (1994). It is enough, assuming the other elements are met, that the Defendants conspired to possess it, even if they ultimately fell short of their alleged goal. Thus, even if the grand jury was presented the case exactly as the

Defendants frame it, there is no cause to second guess the grand jury's finding that probable cause existed to charge the Defendants with conspiracy to possess methamphetamine based on their genuine attempt to purchase methamphetamine from a dealer who ripped them off with rock salt.

The Defendants' motion (Doc. 39) is denied.

DATED this 2nd day of April, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Court Judge